# Wytheville.

## VALENTINE, ET ALS., V. MOSELEY, ET ALS.

### June 12, 1924.

#### Absent, Prentis, J.

TRUSTS AND TRUSTEES—*Devise in Trust with Remainder Over to Other Bene-ficiaries.—Death of Beneficiary*—A testator created a trust, the beneficiaries being his seven sons and four grandchildren, the four grandchildren taking one share and the sons each one share. The trust provided for accumulations of income during a stated period. At the death of each beneficiary his share was to pass to his descendants, *per stirpes.* But if any of them died unmarried and without descendants, his or her share was to pass to his or her brothers and sisters then living, and the descendants of such as might be dead. It was further provided that if one of the beneficiaries died leaving a wife, the widow should receive one-third of the income of such son's share, not exceeding a thousand dollars, and if the income exceeded a thousand dollars, then the residue of such son's income, with that remaining after the widowhood ceased, should pass "as if he had died unmarried and without issue surviving him." One of the sons who survived testator died leaving a widow who died shortly afterwards.

*Held:* That this son's interest vested absolutely, upon his death, in his surviving brothers and sisters and the lineal descendants of such as predeceased him, by stocks, and did not merge with the residue of the trust estate so as to create seven instead of eight undivided interests, to be held by the trustees under the will.

Appeal from a decree of the Chancery Court of the city of Richmond, construing a will. Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*John B. Lightfoot, Jr., Daniel Grinnan,* and *McGuire, Riely & Eggleston,* for the appellants.

*Scott & Buchanan* and *Maloy, Brady, Howell & Yost,* for the appellees.

BURKS, J., delivered the opinion of the court.

This was a suit in equity to have construed the will of Mann S. Valentine.

After making a few pecuniary bequests of relatively small amounts, the testator disposes of the residue of his estate as follows:

"I wish the residue of my estate given to my said executors, in trust, as aforesaid, to be augmented by an accumulated income during the ten years succeeding my death, to the extent that my executors shall decide is judicious, under the then existing circumstances, and I hereby give and invest them with full power to determine, during said ten years, how much of the income from said residue of my estate shall be carried or added to said residue, and how much of said income shall be distributed under this my will.

"But I desire and direct that the entire income, less the costs and expenses of administration, after the expiration of said ten years, shall be distributed semiannually, and that the income from the said residue of my estate (except so far as needed to pay the annuities to my said sister and brother) shall, when distributed, go to my children and grandchildren and their descendants as herein provided. I desire and direct that my estate, augmented by such income as may be so carried or added thereto, shall remain undivided and be held by my said executors, in trust, for the benefit of my children, Granville G. Valentine, Benjamin B. Valentine, Frederick S. Valentine, Edward P. Valentine, Mann S. Valentine, Jr., Henry L. Valentine and James E. Valentine, and my grandchildren, Wm. Gray Moseley,

Maria G. Moseley, Helen P. Moseley and Alexander Moseley, the last four named grandchildren taking together their deceased mother's share (one-eighth) for and during their (children's and grandchildren's) natural lives, respectively, and at the death of each of them, the amount of principal and added income producing such one's income, shall pass to his or her children (then living) and the lineal descendants (then living) of such as may be dead, *per stirpes*, if there be any. But if any one of them shall die unmarried and without lineal descendants surviving them, then, in that event, his or her share shall pass to his or her brothers and sisters then living, and the lineal descendants of such as may be dead, such descendants taking their parent's share, and in the event that any of them should die without issue, but leaving a wife, such widow shall receive during her widowhood, and no longer, one-third of the income of such son, not exceeding a thousand dollars, however, and if said income exceed a thousand dollars, then residue of said son's income, together with that remaining after said widowhood ceases, shall pass as if he had died unmarried and without issue surviving him. But as to the said beneficiaries to whom estates for life have been given, the said legacy shall cease and determine on his becoming, in the judgment of my executors, addicted to excessive drinking ardent spirits, or gambling, or becoming a bankrupt, or in any way, by his own act, or by operation of law, assigning, selling, charging, encumbering or alienating his interest or share, so as not to be entitled to the personal receipt, use and enjoyment thereof; full and absolute power being hereby given and conferred upon my executors, in any such event, to direct and apply any such one's share of income to his wife and children, or if none, to my other children and the descendants of such as may be dead, such descend-

ants taking their parent's share; and I mean to confer on my executors in this matter, full and absolute discretion and full and absolute power to construe the foregoing language and to determine when, according to the foregoing provision, the interests, rights and estate of such beneficiary under my will, shall cease and determine; and at the death of any such unworthy beneficiary, his share shall pass as herein provided."

The testator had seven sons and one daughter.  All of the sons survived him.  The daughter married and died in his lifetime, leaving surviving her and the testator four children, who are the Moseleys mentioned in the will.  One of the sons, Edward F. Valentine, died in March, 1908, leaving a widow and two children.  Another son, Benjamin B. Valentine, died June 10, 1919, leaving a widow but no children.  The widow died July 16, 1921.  The question is to whom did the share of Benjamin B. Valentine pass, on his death.

The contention of the appellants is that the one-eighth share of Benjamin B. Valentine in the estate of Mann S. Valentine was merged, upon his death, with the residue of the trust estate so as to create seven instead of eight undivided interests, to be held by the trustees under the will.  The appellees contend that said interest vested absolutely, upon the death of the said Benjamin B., in his surviving brothers and sisters and the lineal descendants of such as predeceased him, by stocks.  The trial court took the latter view.

There were no surrounding facts and circumstances that would throw any light on the proper interpretation of the will outside of those disclosed by the will, or admitted by the pleadings, and no evidence was introduced on the subject.  We are left simply to the interpretation of the language of the will.

The will fixes definitely and unmistakably the dura-

tion of the trust as a whole. The testator directs that his estate "shall remain undivided" for and during the lives of certain designated first takers, respectively, and then directs what is to be done "at the death of each of them." It seems clear that the testator never contemplated the continuance of the trust as to the share of any one of the *respective* life tenants after the latter's death. He seems to have had in contemplation two main contingencies upon the death of the life tenants— death with issue and death without issue. These he provided for. It also occurred to him that one of the life tenants might leave a widow, but no issue. In this event he makes a temporary and limited provision for the widow, but manifests no purpose to change the dominant provision in case of death without issue. The mention of the widow was simply to make provision for her. This provision of the will relating to the widow follows closely the language of the provision immediately preceding it relating to death, unmarried and without issue. The widow is to receive one-third of the son's income during widowhood provided it does not exceed $1,000.00 and "if said income exceeds a $1,000.00, then the residue of the son's income, together with that remaining after said widowhood ceases, shall pass as if he had died unmarried and without issue surviving him." When we read the will as a whole, as we must do, it is fairly plain that the testator intended not only "that the residue of the son's income," which was expressly mentioned, should pass, but also that the remaining part of his son's estate, "that remaining," should pass "after said widowhood ceases." This interpretation makes the will consistent as a whole, and gives effect to every provision of the will without addition or subtraction. This we think is the meaning of the words as used by the testator in his will. Having

ascertained this, it is useless to advance theories merely for the purpose of demolishing them.

The following interpretation of the will, taken from the decree of the trial court, is approved by this court:

"The court is of opinion and doth decide that the effect of the provisions of the will of Mann S. Valentine, deceased, in the record and proceedings mentioned, according to the true intent and meaning thereof, was and is to create in the residue of the estate, real and personal, of said Mann S. Valentine, deceased, now in the hands of Granville C. Valentine and Frederick S. Valentine, to be administered by them as the surviving executors of said will and trustees thereunder, an estate for the lives of the children and grandchildren of the said Mann S. Valentine in said will mentioned, with a remander as to each share at the respective deaths of said children and grandchildren to the children of such deceased child or grandchild, respectively, and to the descendants of such as might be dead, *per stirpes;* but if any of said children or grandchildren should die without issue, then upon the happening of that event, the share of said estate theretofore enjoyed by the one so dying, passed to and vested in his brothers and sisters and their descendants, *per stirpes,* with the present right of the enjoyment thereof.

"And it appearing to the court from the record in these causes that the said Mann S. Valentine, deceased, had eight children, and that one of them, namely, Benjamin B. Valentine, departed this life on the 10th day of June, 1919, without issue, and that his wife, who survived him a short time, has also departed this life, it is further adjudged, ordered and decreed that the one-eighth undivided share of the estate, real and personal, of Mann S. Valentine, deceased, in which Benjamin B. Valentine enjoyed a life estate, now in the hands of his

aforesaid executors and trustees to be administered, has vested in fee simple in the children of the said Mann S. Valentine and their descendants, *per stirpes*, that is to say, in Granville G. Valentine, Frederick S. Valentine, Mann S. Valentine, Jr., Henry L. Valentine and James M. Valentine, the surviving children of the late Mann S. Valentine, each having a one-seventh in said one-eighth; in Martha V. Cronley and Ann Valentine Kelley, the children now surviving of Edward P. Valentine who predeceased his brother, Benjamin B. Valentine, each having a one-fourteenth in said one-eighth; and in Wm. Gray Moseley, Maria G. Moseley, Helen P. Moseley, Drewry and Alexander Moseley, the children now surviving of Mary V. Moseley, deceased, each having a one-twenty-eighth in said one-eighth, with present right of enjoyment by said parties of said one-eighth."

Our conclusion is reached from a consideration of the language of the will, giving to the words their meaning as used by the testator, and hence no reference is made to decisions in other cases, interpreting wills couched in different language, in the light of different surroundings, and which at best could furnish little aid.

The decree of the chancery court will be affirmed.

*Affirmed.*