# Staunton

HARLAN HALL AND W. R. HALL v. CLINCHFIELD COAL CORPORATION AND W. M. RITTER LUMBER COMPANY.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*G. Mark French,* for the appellants.

*W. H. Rouse* and *C. R. McCoy,,* for the appellees.

PER CURIAM:

The trial court, in the following opinion, correctly disposed of the issues in this case:

"Complainant, Clinchfield Coal Corporation, alleges that it is the owner of a tract of land containing 616.5 acres, and that it has sold and conveyed the timber and certain timber rights thereof to complainant, W. M. Ritter Lumber Company; that this land was granted to Isaac Kilgore and the heirs of Dale Carter from the Commonwealth on December 3, 1880; that W. R. Hall is claiming a part of this tract, about 56 acres, and that Harlan Hall is claiming another part of said tract, about 40.5 acres; that they are each occupying the respective tracts claimed by them and are cutting timber therefrom and threatening to cut and remove the timber, etc.; that a decree has been heretofore entered in the case of *Clinchfield Coal Corporation* v. *John B. Wright et als.,* adjudicating complainants' title in this land and perpetually enjoining defendants, W. R. Hall and Harlan Hall, etc., from in any wise interfering with complainants' unlimited ownership thereof.

"Defendants, W. R. Hall and Harlan Hall claim: That they were not parties to the above suit and that no process was served upon them in said suit; that the in-

junction was granted on an amended bill, and that no process was issued on said amended bill; that said defendants were infants at the time the final decree was rendered in said suit and that no guardian *ad litem* was appointed for them and that the decree is void as to them; that the lands which the defendants, respectively claim are not within the boundaries of the Carter-Kilgore survey; that they have respectively acquired title to the lands claimed by them respectively, since the adjudication in the case of *Clinchfield Coal Corporation* v. *John B. Wright and others,* in which case final decree was entered on March 14, 1914 and that complainants cannot prevail in this suit for the reason that the complainant, Clinchfield Coal Corporation claims through the Carter-Kilgore grant, and that long before this grant was made, the Commonwealth had granted said land to Thomas Thompson. Without considering the decision in the case of *Clinchfield Coal Corporation* v. *Wright,* it is thought the evidence in this case shows that the lands claimed by the defendants, respectively, are within the boundaries of the Carter-Kilgore patent; that whether or not Thomas Thompson's title covers the land covered by the Carter-Kilgore title is immaterial in this case. Defendants contend that Thomas Thompson's title vested in Patrick Hagan, and is now vested in his heirs. The evidence shows that after the vesting of the Thomas Thompson title in Patrick Hagan, he joined in a deed, which contained a covenant of general warranty, whereby the land in question that is the Carter-Kilgore tract was conveyed in fee to the predecessor in title of the complainant, Clinchfield Coal Corporation. It would seem clear that no recovery under this title could be had by Patrick Hagan or his heirs against the grantee, of Patrick Hagan, or of one claiming under such grant, *Brunswick Land Corp.* v. *Perkinson,* 146 Va. 708, 132 S. E. 853. Even if the title to the Thomas Thompson land had been acquired by Patrick Hagan subsequent to his conveyance, under the facts in this case, such title, it is thought would have

enured to the benefit of his grantee, and he and those in privity with him would be estopped to assert it against those claiming through him. *Wilkerson* v. *Wilkerson,* 151 Va. 322, 144 S. E. 497.

"W. R. Hall claims title to the 40.5 acre tract, under deed from D. C. Owens dated September 1, 1922, D. C. Owens claims under deed, from Logan Wallace, dated August 10, 1922. Logan Wallace claims a court right, by virtue of an order entered by the county court of Dickenson county, entered in the year 1889. The evidence is thought to be entirely insufficient to show title, by adverse possession in this defendant, to said 40.5 acre tract.

"Harlan Hall claims to have bought the fifty-six acre tract from his brother, Dave Hall. He does not contend that any deed was ever made to him. It appears that Dave Hall at one time claimed said fifty-six acre tract, and that he conveyed such title as he had to it to Ellen Moore, by deed dated July 27, 1914. Ellen Moore conveyed her interest in said tract to G. W. Stone by deed dated October 22, 1914. G. W. Stone conveyed to the Clinchfield Coal Corporation, by deed dated October 29, 1914. In the conveyance from Ellen Moore she reserved the right to occupy the said land for a period of three years. Harlan Hall married Ellen Moore November 2, 1917. He moved into the house with her and they have been living there since that time. He claims to have been in possession of this land for a year or so prior to his marriage. His own evidence shows that his alleged occupancy began during the time, when Ellen Moore, under the express reservation in her deed had the right to occupy the property. No notice was ever given complainants, so far as the record shows, that he was claiming adverse to her tenancy or to complainant's rights or title. Under well established principles of law it is thought this would have been necessary. It is thought the evidence is insufficient to establish title by adverse possession to any of the land claimed by Harlan Hall.

"The court will reserve for future determination, the question of what if any, action should be taken against these defendants, or either of them on account of their alleged violation of the injunction order entered in the case of *Clinchfield Corporation* v. *John B. Wright and others.*

"Aside from this, a decree may be entered granting to complainants the relief prayed for."

*Affirmed.*