# Richmond

JOHN I. PITTMAN v. CLARENCE POE PITTMAN, ET AL.

January 15, 1968.

Record No. 6528.

Present, All the Justices.

*Bernard S. Cohen* (*Cohen, Hirschkop & Hall*, on brief), for appellant.

*Thomas L. Woodward* for appellees.

SNEAD, J., delivered the opinion of the court.

On December 6, 1965, John I. Pittman, complainant, filed a bill of complaint *in propria persona* against Clarence Poe Pittman, his brother, Frances Pittman, his brother's wife, and Josephine P. Coiner, his sister. The defendants filed demurrers to the bill and the chan-

cellor by decree sustained the demurrers, dismissed the bill, and denied complainant's motion to file an amended bill of complaint. It is from this decree that complainant appeals.

The bill alleged, *inter alia*, that defendant Clarence Poe Pittman was engaged in the operation of the business of Pittman Wood and Metal products located on U.S. Route 58 near Courtland "under an oral agreement with complainant to pay: (1) equal compensation for personal services to Walter C. Pittman [another brother] and Defendant Clarence Poe Pittman, (2) the amount of $5,000.00 to Walter C. Pittman on account of contribution made to the capital * * *; and, thereafter, (3) one third of any profit remaining to Defendant Clarence Poe Pittman and one third of any profit remaining to complainant." Also, that defendants Frances Pittman and Josephine P. Coiner had "notice and knowledge" of the agreement; that at a time not precisely known to complainant "defendants acting in concert with the intention of defrauding and deceiving complainant fraudulently conspired together to conduct the affairs of said Pittman Wood and Metal Products in a manner calculated to conceal from complainant profits derived from the operation of said business and to defraud complainant of the share of such profits to which complainant became entitled under said agreement * * *."

The bill further alleged that from "1949 to date" complainant was told by Clarence Poe Pittman that there was insufficient income from the business to allow him to share in the profits; that defendants from 1949 to 1964 received "at least $225,000.00" from the business in violation of the agreement; that "defendants caused to be concealed from the complainant and from the United States Internal Revenue Service the fact that complainant was entitled to any share of the profits derived from the operation of said business"; that he was "damaged to the extent that he is liable for income tax, interest, and penalties" because income due him was not reported to the tax authorities, and that he relied upon "defendants' fraudulent representations."

In the prayer of the bill, complainant prayed "that the Court shall find that the defendants conspired together to, and did, defraud and deceive the complainant; that the complainant be granted judgment against the defendants for such general and special damages as he shall prove including (1) complainant's liability for income tax, interest and penalties on income not reported because of defendants' fraud and (2) attorney's fee and costs of this proceeding; and that the

complainant be granted judgment against the defendants for punitive damages in the amount of $100,000.00 and for such other relief as to equity seems just."

The demurrer filed by defendant Clarence Poe Pittman stated that complainant's bill was insufficient in law for these reasons: "(1) It is vague, indefinite and does not set forth a cause for equitable relief. (2) Complainant is guilty of laches as a matter of law. (3) A suit for conspiracy does not lie in a civil matter." Defendants Frances Pittman and Josephine P. Coiner demurred on the ground that the bill "does not state a cause for equitable relief." After the demurrers were filed and before the chancellor had ruled on them, complainant filed a motion for permission to amend his bill "to show with particularity the involvement of each of the defendants and to otherwise amend his bill of complaint."

On June 7, 1966, after hearing argument, the court entered a decree sustaining defendants' demurrers, dismissing the bill and refusing to permit complainant to file his amended bill.

The decree did not specify the ground or grounds upon which the demurrers were sustained. However, as has been noted, the only ground alleged in the sustained demurrer filed by defendants Frances Pittman and Josephine P. Coiner was that the bill did not state a cause for equitable relief. A similar ground was included in the sustained demurrer of defendant Clarence Poe Pittman.

There are two questions presented on appeal for our determination: (1) Did the court err in sustaining the demurrers to the bill of complaint? and (2) Did the court err in refusing to grant complainant leave to file an amended bill?

[1] "In equity pleading regard is given to substance rather than form, yet that does not relieve a complainant of the necessity of alleging with reasonable clarity every fact essential to the granting of the relief sought. The bill must allege facts and show upon its face with reasonable certainty that complainant is entitled to the relief demanded. The defendants are not called upon to answer a bill that does not inform them of the nature of the case they are required to meet. 7 M. J., Equity, § 51, pp. 79 and 80.

" 'The defendant is supposed to know the plaintiff's grievances *only from his statement of them in the bill;* and it is to the *precise case thus stated,* and to that case only, that the *defendant can be required to answer,* * * *' Lile: *Equity Pleading and Practice,* 3d ed., § 100, p. 61. *Stanley* v. *Mullins,* 187 Va. 193, 45 S.E.(2d) 881.

" 'The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. * * * Every litigant is entitled to be told by his adversary in plain and explicit langauge what is his ground of complaint or defense.' *Potts, etc.* v. *The Mathieson Alkali Works*, 165 Va. 196, 207, 181 S.E. 521." *Matney* v. *McClanahan*, 197 Va. 454, 458, 90 S.E.2d 128, 130.

The allegations contained in complainant's bill were vague, involved and uncertain. The defendants could not intelligently answer or defend the indefinite allegations stated in the bill. They were entitled to be informed with "reasonable clarity every fact essential to the granting of the relief sought." Moreover, complainant asked for no accounting or any other relief properly cognizable in either equity or law. Accordingly, we hold that the court did not err in sustaining defendants' demurrers.

[2] We proceed now to a consideration of the crucial issue raised by complainant: Did the court err in refusing to grant complainant leave to file an amended bill? Defendants argue that complainant's bill shows that he was guilty of laches as a matter of law, and thus, the court properly refused to allow it to be amended. They contend that because complainant "countenanced, acquiesced in, and did nothing about" a claim for twenty years, he was guilty of laches as a matter of law and was not entitled to amend his bill.

"*Laches* is such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right." *Wissler* v. *Craig's Adm'r.*, 5 Hansbrough (80 Va.) 22, 30. However, " '[t]here is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another; each case is to be determined according to its own particular circumstances.' 30 C.J.S., Equity, § 115, page 528." *Bartsch* v. *Bartsch*, 204 Va. 462, 468, 132 S.E.2d 416, 420. The burden of proving that a party is guilty of laches is upon the one asserting laches. *Virginia Land Co.* v. *Haupt*, 90 Va. 533, 538, 19 S.E. 168, 169; 7 Mich. Jur., Equity, § 47, p. 76. "Laches in many instances is a mixed question of law and fact, and for that reason should not usually be disposed of on demurrer." *Wilkerson* v. *Wilkerson*, 151 Va. 322 329, 144 S.E. 497, 499.

Further, "[i]t is a well recognized rule in equity that laches cannot be applied against those who are ignorant of their rights. They must first know their rights. *Hannon* v. *Houniban*, 85 Va. 429, 439, 12 S.E. 157, 160. This defense is only permitted to defeat an acknowledged right on the ground that laches affords evidence that the right has been abondoned. *Valley Bank* v. *Fidelity Co.*, 153 Va. 484, 496, 150 S.E. 403, 406; *Gilley* v. *Nidermaier*, 176 Va. 32, 43, 10 S.E.2d 484, 488; 7 Mich. Jur., Equity, § 29, p. 53." *Rutledge* v. *Rutledge*, 204 Va. 522, 530, 132 S.E.2d 469, 475.

In the case at bar, defendants filed no answer to complainant's bill. No evidence was taken. Therefore, we must look to the bill itself to determine whether it shows on its face that complainant was guilty of laches as a matter of law, which would bar a recovery. This we cannot say.

[3] Rule 2:12 of Rules of Court provides in part: "No amendments shall be made to any bill or other pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice. * * *." Similarly, Code, § 8-119 provides in part: "In any suit, action, motion or other proceeding the court may at any time in furtherance of justice, and upon such terms as it may deem just, permit any pleading to be amended or material supplemental matter be set forth in amended or supplemental pleadings. * * *." It will be noted that these provisions are to be liberally construed for the promotion of justice.

We hold that under the circumstances of this case, the trial court erred in refusing to permit complainant to file an amended bill. For this reason the decree appealed from is reversed in part and the case remanded with direction to the court below to permit complainant to file an amended bill.

*Affirmed in part; reversed in part and remanded.*