COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JEFFREY M. PAYNE

v.   Record No. 2536-96-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
LYNCHBURG DIVISION OF                         JUNE 10, 1997
 SOCIAL SERVICES


            FROM CIRCUIT COURT OF THE CITY OF LYNCHBURG
                   Mosby G. Perrow, III, Judge

            (Craig P. Tiller, on briefs), for appellant.

            (Joyce M. Coleman, Senior Assistant City
            Attorney, on brief), for appellee.



     Jeffrey M. Payne, by his guardian ad litem, appeals the

decision of the circuit court denying his petition to determine

parentage.  Payne contends that the trial court (1) abused its

discretion in applying the doctrine of laches to deny his

petition; (2) abused its discretion in denying blood tests to

verify paternity; and (3) erred in dismissing the petition.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

     Payne contends that he is the father of two children born in

January 1985 and February 1986 to Sarah Barcliff, who died in

July 1987.  At the time the children were born, Sarah Barcliff

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was married to Robert Barcliff, Sr., whose parental rights were terminated by a 1994 order. Payne admitted that he never paid support for the children, never attempted to obtain custody from the Department of Social Services (DSS) when the children were removed from his mother's custody in 1991, and had no contact with the children. DSS produced evidence showing that Payne's mother, Bertha Payne, listed Robert Barcliff, Sr., as the children's father when she petitioned for custody in New York. Sharon Swedlow, testifying on behalf of DSS, stated that Payne denied being the children's father.

## Doctrine of Laches

The trial court ruled that the doctrine of laches applied to bar appellant's petition to determine parentage of the children. "Laches has been defined as an omission to assert a right for an unreasonable time and unexplained length of time, under circumstances prejudicial to the adverse party," Finkel Outdoor Products, Inc. v. Bell, 205 Va. 927, 933, 140 S.E.2d 695, 699 (1965), or as "'such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right.'" Pittman v. Pittman, 208 Va. 476, 479, 158 S.E.2d 746, 749 (1968) (citation omitted). Here, Payne made no claim of paternity of the children for years, despite the children's placement in foster care. At no point in their lives has Payne asserted any interest in the children or assumed any responsibility for them. The children were removed from his

2

mother's custody in 1991 after being adjudicated abused children. At the time this petition was filed, appellant was incarcerated, but cited that it was his desire that "said children to eventually reside in the care of actual family members."

Payne's failure to assert paternity at any point in the lives of these children, or to assume any responsibility for them, fully supports the trial court's application of laches to deny his claim. Not only has evidence grown stale, and a key witness died, but the entire lives of these children have passed without even a hint of his claimed fatherhood. The record reflects that the children suffered serious abuse at the hands of appellant's mother, yet appellant took no steps to protect them or provide for them.

While laches does not run against one who is ignorant of his rights, credible evidence demonstrated that appellant knew of his rights but took no action. His claimed right arose with the birth of the children, not with the termination of the parental rights of the presumptive father in 1994. The children were born in 1985 and 1986; their mother died in 1987; Payne's mother obtained custody in 1989; and the children were removed from her home in 1991 because of abuse. At any of these points, Payne could have raised his claim. As appellant was not the presumptive father, there was no obligation to provide him with notice of the termination hearing other than through publication. See Code § 16.1-278.3. See also Unknown Father v. Division of

3

Social Servs., 15 Va. App. 110, 422 S.E.2d 407 (1992). We find no merit in his assertion that he should have been made a party to the termination proceedings, and we find no abuse of discretion in the trial court's decision.

## Denial of Blood Testing

As the trial court did not abuse its discretion in finding that appellant was barred by the doctrine of laches from proceeding with his petition, we find no abuse of discretion in the trial court's refusal to order blood testing.

## Dismissal of Petition

As noted above, appellant has not demonstrated error in the notice provided of the termination proceedings. The trial court found that appellant "did not present one scintilla of creditable evidence to support his claim of paternity or to justify blood testing." The record supports the court's findings. We find no error in the trial court's decision dismissing his petition.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.