G. S. FOODS, INC.

v.

VIRGINIA EMPLOYMENT COMMISSION

and

LISA M. CARTER

No. 1574-90-2

Decided May 21, 1991

542

COUNSEL

(G. Alexander Weimer, Jr., on brief), for appellant.

(Mary Sue Terry, Attorney General; Richard B. Zorn, Senior Assistant Attorney General; John B. Sternlicht, Assistant Attorney General, on brief), for appellee Virginia Employment Commission.

(John R. Rellick; Rappahannock Legal Services, on brief), for appellee Lisa M. Carter.

OPINION

**PER CURIAM**—Upon reviewing the record and briefs of the parties, we conclude that the appeal is without merit. Accordingly, we affirm the decision of the circuit court. Rule 5A:27.

The Virginia Employment Commission awarded unemployment benefits to Lisa M. Carter, mailing its decision on June 19, 1990. G. S. Foods, Inc., Carter's former employer, filed a petition for review with the circuit court on July 10, 1990. Citing Code § 60.2-625(A), the circuit court dismissed the petition as untimely. G. S. Foods appeals, arguing (1) that the petition was timely filed, and (2) that if the petition was untimely, the circuit court could extend the time for filing.

Code § 60.2-622(B)(1) reads, in pertinent part, as follows:

Any decision of the [Virginia Employment] Commission, upon a hearing on appeal, shall become final ten days after the date of notification or mailing, and judicial review shall

be permitted the claimant or any interested party claiming to be aggrieved.

Code § 60.2-625(A) reads, in pertinent part, as follows:

Within ten days after the decision of the Commission upon a hearing pursuant to § 60.2-622 has become final, any party aggrieved who seeks judicial review shall commence an action in the circuit court of the county or city in which the individual who filed the claim was last employed.

The circuit court concluded that G. S. Foods' petition was required to be filed by July 9, 1990, or twenty days from the date of mailing. G. S. Foods contends that the circuit court's decision ignores the terminology "notification or mailing" in Code § 60.2-622(B)(1). Rather, the argument goes, "notification" means receipt of the mailing. Since G. S. Foods filed its petition within twenty days of the receipt of the mailing, it contends that the petition was timely filed.

G. S. Foods' construction of the statute would render useless the inclusion of the word "mailing." The date of receipt of the mailing would always follow the date of mailing. Accordingly, the latter of the two dates, i.e., the date of receipt of the mailing, would always trigger the running of the time period for filing a petition. If the legislature had so intended this interpretation of the word "notification," it would not have been necessary to include the word "mailing" in the statute.

It is a well established rule of construction that a statute ought to be interpreted in such a manner that it may have effect, and not found to be vain and elusive. Every interpretation that leads to an absurdity ought to be rejected. It is our duty to give effect to the wording of the statute, and allow the legislative intention to be followed.

*Barnett v. D. L. Bromwell, Inc.*, 6 Va. App. 30, 34, 366 S.E.2d 271, 273 (1988) (quoting *McFadden v. McNalton*, 193 Va. 455, 461, 69 S.E.2d 445, 449 (1952)).

G. S. Foods also contends that the circuit court erred when it concluded that the filing period was jurisdictional, and thus, it did not have the authority or ability to extend the period. The circuit court was correct. Code § 60.2-625(A) states that a party

seeking judicial review "shall commence an action" within ten days after the Commission's decision becomes final. "It is well settled that [w]hen the word 'shall' appears in a statute it is generally used in an imperative or mandatory sense." *Mayo v. Department of Commerce*, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987).

For the reasons stated, we affirm the decision of the circuit court.

*Affirmed.*

Benton, J., Coleman, J., and Willis, J., concurred.