# Jon A. Reistroffer, et al.

### v.

# Lyndia M. Person

Record No. 930178

January 7, 1994

Present: Carrico, C.J., Compton, Stephenson, Whiting, Hassell, and Keenan, JJ.,
and Cochran, Retired Justice

*E.E. Sanders, Jr.* for appellants.
*John Holland Foote (Thomas W. Smith, III; Michael S. Dingman; Hazel & Thomas*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred in (1) ruling, by way of sustaining a demurrer, that an agency relationship had not been alleged, (2) ruling that the purchaser properly canceled a contract for the sale of real property, and (3) awarding attorney's fees.

Jon A. and Linda L. Reistroffer filed a motion for judgment against Lyndia M. Person, seeking $50,000 in damages for the breach of a real estate sales contract. Person demurred, claiming that the motion for judgment alleged facts which established that Person had properly canceled and terminated the contract. The trial court sustained the demurrer, dismissed the motion for judgment with prejudice and entered judgment in favor of Person, and awarded Person $1,200 in attorney's fees. The Reistroffers appeal.

The facts are taken from the motion for judgment and the contract and other documents attached to and made a part of the motion for judgment. The Reistroffers own certain real property described as Lot 27, Section 2, Georgetown Park Subdivision, in Prince William County. The property was subject to covenants that created a homeowners' association (HOA), and the sale was subject to the provisions of the Virginia Property Owners' Association Act, Code § 55-508 *et seq.* (the Act).

The Reistroffers retained John Ehlinger, a realtor with Remax Metro, Inc., to sell the property. On February 7, 1992, the Reistroffers

and Person executed the contract whereby the Reistroffers agreed to sell, and Person agreed to purchase, the property. The contract stated that "[t]he Seller and the Purchaser confirm that in connection with the transaction under this Contract, the Listing Company, the Selling Company and its salespersons, are acting on behalf of the Seller as Seller's agent." The contract also provided that "unless amended in writing, [this Contract] contains the final and entire agreement of the parties and the parties shall not be bound by any terms, conditions, oral statements, warranties or representations not herein contained." The contract further required the Reistroffers to provide Person with a copy of the HOA documents. Person also signed another document dated February 7, 1992, entitled "Purchaser's Request/Waiver for Property Owners' Association Disclosure Packet." By this document, Person, pursuant to the provisions of the Act, requested that the Reistroffers "promptly obtain and furnish to [Person] the disclosure packet." Person also requested that the Reistroffers "deliver the disclosure packet to John Ehlinger — 12477 Dillingham Sq., Lake Ridge, VA 22192." This request was effected by inserting Ehlinger's name and address in a blank space provided in the form.

Shortly after February 7, 1992, Ehlinger received the disclosure packet and informed Person that the packet was available for her review at his office. Although Ehlinger repeatedly reminded Person of his receipt of the packet, Person did not pick up the packet until May 4, 1992. On May 6, 1992, Person notified the Reistroffers that she was canceling the contract pursuant to paragraph 14 of the contract. Paragraph 14 is consistent with Code § 55-511(C), a part of the Act, which provides, in pertinent part, that "[t]he purchaser may cancel the contract . . . (ii) within three days after receiving the association disclosure packet if the association disclosure packet . . . is hand delivered."

The Reistroffers contend that the trial court erred in sustaining Person's demurrer because the motion for judgment and exhibits attached thereto, when read in the light most favorable to them, contain facts and reasonable inferences deducible therefrom sufficiently alleging that Person designated Ehlinger her agent for the purpose of receiving the HOA documents. Thus, they assert, the statutory three-day period had long since expired when Person gave notice of cancellation.

Person, on the other hand, contends that the trial court correctly sustained her demurrer because the motion for judgment and its exhibits show conclusively that Ehlinger was not her agent. Therefore, she asserts, her notice of cancellation was timely.

■ Agency is a fiduciary relationship resulting from one person's manifestation of consent to another person that the other shall act on his behalf and subject to his control, and the other person's manifestation of consent so to act. *Allen* v. *Lindstrom,* 237 Va. 489, 496, 379 S.E.2d 450, 454, *cert. denied,* 493 U.S. 849 (1989); *Nuckols* v. *Nuckols,* 228 Va. 25, 35, 320 S.E.2d 734, 740 (1984); *Murphy* v. *Holiday Inns, Inc.,* 216 Va. 490, 492, 219 S.E.2d 874, 876 (1975); *Raney* v. *Barnes Lumber Corp.,* 195 Va. 956, 966, 81 S.E.2d 578, 584 (1954). The power of control is an important factor in determining whether an agency relationship exists. *Texas Company* v. *Zeigler,* 177 Va. 557, 564, 14 S.E.2d 704, 706 (1941).

■ The question of agency *vel non* is one of fact for the fact finder unless the existence of an agency relationship depends upon unambiguous written documents or undisputed facts. *Drake* v. *Livesay,* 231 Va. 117, 121, 341 S.E.2d 186, 189 (1986). Moreover, the party alleging an agency relationship has the burden of proving it. *Lindstrom,* 237 Va. at 496, 379 S.E.2d at 454.

In sustaining Person's demurrer, the trial court ruled, as a matter of law, that Ehlinger was not Person's agent to receive the HOA documents. We disagree.

■ We think the motion for judgment and exhibits made a part thereof alleged sufficient facts to withstand a demurrer on the question of agency. Thus, the trial court erred in ruling that the Reistroffers' motion for judgment established, as a matter of law, that Ehlinger was not Person's agent. Conversely, we do not think, as the Reistroffers assert, that the separate document signed by Person on February 7, 1992, established, as a matter of law, that Ehlinger was Person's agent. We conclude that the issue whether an agency relationship existed is one of fact to be resolved by the fact finder. The documents, when read together, are not unambiguous, and the facts are disputed. Therefore, we will reverse the trial court's judgment and remand the case for an evidentiary hearing on the issue of agency.

The two other issues in this appeal could arise again upon remand if the fact finder should determine that Ehlinger was not Person's agent. Therefore, we will address these issues.

First, the Reistroffers contend that, even if Ehlinger was not Person's agent, Person improperly canceled the contract. In the motion for judgment, the Reistroffers alleged that Person canceled the contract for a "non-HOA related reason," and they contend on appeal, as they did in the trial court, that Person could cancel the contract only for an "HOA related reason." The trial court rejected this contention, and we agree.

■ The relevant portion of Code § 55-511(C) provides that "[t]he purchaser may cancel the contract . . . within three days after receiving the association disclosure packet if the association disclosure packet . . . is hand delivered." Nothing in this section or in the Act requires a purchaser to state a reason for canceling. The language of the statute is clear and unambiguous, and, when this is the case, courts must accept the plain meaning without resort to extrinsic evidence or the rules of construction. *Norfolk Airport Auth.* v. *Nordwall,* 246 Va. 391, 394, 436 S.E.2d 436, 438 (1993); *Compton* v. *Commonwealth,* 239 Va. 312, 314, 389 S.E.2d 460, 461 (1990). Therefore, we hold that, giving Code § 55-511(C) its plain meaning, Person had an unqualified right to cancel the contract within the three-day period for any reason whatever, or for no reason at all.

The final issue pertains to the award of attorney's fees. Paragraph 26 of the contract provided that "[i]n any action or proceeding involving a dispute between the Purchaser, the Seller and/or the Agent, arising out of this Contract, . . . the prevailing party shall be entitled to receive from the other party reasonable attorney's fees to be determined by the court."

The Reistroffers contend that the trial court erred in awarding Person attorney's fees because Person's cancellation voided the contract. They assert that Person "cannot . . . repudiate the obligation of the contract yet seek a remedy arising from that same contract."

This Court recently decided a similar case. In *Vega* v. *Chattan Associates, Inc.,* 246 Va. 196, 198, 435 S.E.2d 142, 143 (1993), a real estate sales contract provided that, in the event it was declared null and void due to certain circumstances, the sellers would reimburse the purchaser for deposits the purchaser had paid and "any other costs" the purchaser incurred in preparation for improving the land that was the subject of the contract. Thereafter, the purchaser notified the sellers that the contract was null and void because of the purchaser's inability to obtain acceptable financing. The purchaser demanded that the sellers return the deposit money and reimburse the purchaser for the improvement costs it had incurred. The sellers asserted that they were relieved of the obligations under the contract because it had been voided. *Id.,* 435 S.E.2d at 143.

In *Vega,* we rejected the sellers' contention. *Id.* at 199, 435 S.E.2d at 143. We concluded that the parties intended that the refund and reimbursement provision of the contract would be severable from the provision allowing the purchaser to declare the contract null and void. We held, therefore, that the refund and reimbursement provision survived the voiding of the contract.

■ In the present case, the contract contained a provision permitting Person to cancel under certain circumstances. The contract also provided that, in any litigation involving a dispute between the parties arising out of the contract, the prevailing party shall be entitled to recover reasonable attorney's fees from the other party. Clearly, the parties intended that the provision regarding attorney's fees would be severable and would remain in effect were Person successful in this litigation. Therefore, we hold that the attorney's fees provision is severable.

Accordingly, because the trial court ruled as a matter of law that Ehlinger was not Person's agent, we will reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*