## CIRCUIT COURT OF STAFFORD COUNTY

Bruce K. Lagerman

v.

Charter Communities, Inc.

v.

Long & Foster Real Estate, Inc.

August 26, 1994

Case No. (Chancery) 93000482

BY JUDGE JAMES W. HALEY, JR.

For the purposes of this opinion, it is assumed that in late 1992 and early 1993, Bruce K. Lagerman ("Purchaser") and Charter Communities, Inc. ("Seller") entered into a contract[1] for the sale of a lot and a residence to be constructed thereon. Long and Foster Real Estate, Inc., served as agent. The contract was subject to the Virginia Property Owner's Association Act, Code § 55-508 *et seq*. The Purchaser made a $21,000.00 deposit.

A dispute arose during construction of the home. Purchaser claimed the Long and Foster agent made material representations concerning the location of the residence on the lot.

By letter dated March 11, 1993, counsel for Purchaser reiterated the misrepresentation claim and, in addition, alleged that the contract was not in compliance with the Act and that the contract was cancelled as a consequence. Seller admits in his pleadings that this letter was received. When Seller refused to refund the $21,000.00 deposit, this litigation followed.

Succinctly stated, the original Act required sellers to advise purchasers in the contract that the property was subject to the rules and regulations of

---

[1] The contract was composed of a series of real estate forms.

a homeowner's association, and to provide purchasers with a disclosure packet containing the same. Failure to include the foregoing in the contract permitted the purchaser to cancel the contract. By Chapter 667, Acts of Assembly, 1991, the Act was extensively re-written to mandate also that a seller "shall disclose *in the contract* [emphasis supplied] that . . . [iii] the purchaser may cancel the contract within three days after receiving the . . . packet . . . ." Code § 55-511(A). The contract in the instant case may have met the requirements of the original Act, but it did not contain the language above, or its legal equivalent. The Purchaser did timely receive the packet.

Purchaser has moved the court for summary judgment against Seller, arguing that it was mandatory the quoted language be contained in the contract, that his March 11, 1993, letter cancelled the contract, and that Code § 55-511(B) recites: "If the contract does not contain the disclosure required by subsection A, the purchaser . . . [may] . . . cancel the contract prior to settlement." In response, Seller maintains there has been substantial compliance with the Act, that is, the Purchaser was advised of the association and timely received the packet, and that "the technical violations . . . had . . . [nothing] . . . to do with . . . [purchasers] . . . later effort to get out of the contract."[2]

Summary judgment is controlled by Rule of Court 2:21. That Rule precludes summary judgment "if any material fact is genuinely in dispute." Summary judgment is only proper in "cases in which no trial is necessary because no evidence could affect the result. *Fire Assurance Corp. v. Cohen*, 203 Va. 810, 814, 127 S.E.2d 399, 402 (1962)." *Shevel's Inc. v. Southeastern Assoc.*, 228 Va. 175, 181, 320 S.E.2d 339, 342-343 (1984).

More recently, in *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993), the Supreme Court cautioned that summary judgment is only permissible when:

> it *clearly* appears that one of the parties is entitled to a judgment . . . as made out by the pleadings and the parties' admissions, *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993) . . . [and] . . . a trial court, in considering a motion for

---

[2] Seller has impleaded Long and Foster as a third party defendant because the contract was prepared on forms supplied by that company. Long and Foster on brief admits "there has not been compliance with . . . [Code § 55-511(A)] . . . ."

> summary judgment, must adopt those inferences from the facts that are most favorable to the non-moving party, unless such inferences are strained, forced, or contrary to reason. *id.* Conversely, the trial court is not permitted to adopt inferences from the facts that are most favorable to the moving party [emphasis in original].

In the instant case, the only facts upon which the moving party relies are the admitted documents which formed the contract. Accordingly, the issue raised by the motion for summary judgment is in a proper procedural posture for resolution.

Seller admits that the contract did not advise the Purchaser that he could cancel the contract within three days of receipt of the disclosure packet. As noted above, Seller argues that this omission "had nothing to do" with Purchaser's reasons for seeking cancellation of the contract. The Supreme Court in *Reistroffer v. Person*, 247 Va. 45, 439 S.E.2d 377 (1994), specifically addressed this argument: "Nothing . . . in the Act requires a purchaser to state a reason for cancelling . . . we hold that . . . [purchaser] had an unqualified right to cancel the contract within the three-day period for any reason whatever, or for no reason at all." *Reistroffer, supra,* 247 Va. at 49, 439 S.E.2d at 379.

Seller next maintains that substantial compliance with the mandates of the Act suffices. As noted above, Code § 55-511(A) states the Seller "shall disclose in the contract" the Purchaser's right to cancel within three days of receipt of a packet.

In *G. S. Foods, Inc. v. Virginia Employment Comm.*, 12 Va. App. 541, 544, 404 S.E.2d 741, 742 (1991), the court stated that: "It is well settled that when the word *shall* appears in a statute it is generally used in an imperative and mandatory sense. *Mayo v. Department of Commerce*, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987)." See also, *Schmidt v. City of Richmond*, 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965); 17 M.J., *Statutes*, § 75, n. 14, p. 371. The relevant language of the Act "is clear and unambiguous . . . and . . . courts must accept the plain meaning . . . ." *Reistroffer, supra,* 247 Va. at 49, 439 S.E.2d at 379 (1994).

Code § 55-511(B) mandates that: "If the contract does not contain the disclosure required by Subsection A, the purchaser . . . [may] . . . cancel the contract . . . ." By letter dated March 11, 1993, Purchaser cancelled the

contract. Accordingly, the motion for summary judgment is granted against seller in the amount of the deposit, $21,000.00.[3]

Purchaser has asked the court to exercise the discretion authorized by Code § 8.01-382 to grant pre-judgment interest from March 11, 1993, the date of his letter of cancellation. In support of this request, Purchaser notes that upon cancellation, Code § 55-511(C) requires "any deposit to be promptly returned . . . ." He further argues that Seller has engaged in tactics of delay since suit was filed on October 26, 1993.[4]

Interest pursuant to Code § 8.01-382 is "a statutory award for delay in the payment of money due." *Nationwide Mut. Ins. Co. v. Finley*, 215 Va. 700, 702, 214 S.E.2d 129, 131 (1975). However, this court notes that Code § 55-511(B), upon which Purchaser relies, designates cancellation as "purchaser's sole remedy . . . ." and further, that paragraph 20 of the contract document dated December 19, 1992, limits Seller's liability "to the return of . . . deposits . . . without interest."

In *Doyle & Russell v. Welch Pile Driving Corp.*, 213 Va. 698, 703, 194 S.E.2d 719, 723 (1973), the Supreme Court stated that: "Whether to allow interest is left to the sound discretion of . . . the trial court. *Safety Steel Scaffolds v. Coulter*, 198 Va. 469, 94 S.E.2d 541 (1956)." Exercise of that discretion will not be reversed except for its abuse. *Reid v. Ayscue*, 246 Va. 454, 459, 436 S.E.2d 439, 442 (1993).

The court declines to award pre-judgment interest.

Purchaser has asked the court for an award upon attorney's fees. The contract between the parties is silent on this subject. Such an award is within the discretion of the trial "court after considering the circumstances and equities of the entire case . . ." *Gamer v. Gamer*, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). As with interest, a failure to award attorney's fees is reviewable only for an abuse of discretion. *Ellington v. Ellington*, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989). The court declines to award attorney's fees.

---

[3] The Honorable Lloyd C. Sullenberger, Judge, Circuit Court of Orange County, reached the same conclusion on similar facts involving the original Act. See *Potter v. Ogg*, 24 Va. Cir. 81 (1991).

[4] The motion for summary judgment was filed June 14, 1994. The pinion case of *Reistroffer, supra*, was decided January 7, 1994.