## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
## AND JAMES CITY COUNTY

Executive Homes Realty Corp.

v.

Theodore Stephen Mathews
and June Joan Mathews

v.

Douglas Cahill

March 27, 1996

Case No. (Law) 7259

BY JUDGE WILLIAM L. PERSON

Executive Homes Realty Corporation and Douglas Cahill filed a Motion for Summary Judgment seeking to dismiss all three counts of the Mathews' Counterclaim and Third-Party Motion for Judgment. For the reasons stated below, the court will grant the Motion for Summary Judgment with regard to Counts I and II of the Counterclaim and dismiss those claims, but the court will deny the Motion for Summary Judgment as to Count III and hear evidence on this claim.

### Background

The pleadings, admissions, and exhibits depict the events that led to this motion. In the summer of 1993, the Mathews contacted Cahill, a real

estate broker who worked for Executive Homes, about buying property for a home in Williamsburg. The Mathews executed a sales contract to purchase a lot on August 10, 1993. In an August 13, 1993, addendum, they assigned their sales contract to HMT Enterprises. On August 15, 1993, the Mathews as purchasers executed a second sales contract with HMT where HMT contracted to build a house on the lot. The three documents all stated that Executive Homes was the broker for the sellers. After construction began, negotiations broke down and the Mathews refused to close on the purchase because of alleged problems with the house. The lot and house were later conveyed to third parties.

Executive Homes filed a Motion for Judgment against the Mathews seeking to recover its sales commission due under the contracts. The Mathews responded by filing a Counterclaim and Third-Party Motion for Judgment on November 4, 1994, against Executive Homes and Cahill. The Mathews alleged three causes of action that caused them damage: negligence (Count I), breach of fiduciary duty (Count II), and fraud (Count III). The Mathews alleged that Executive Homes and Cahill owed the Mathews a duty of good faith and fair dealing, that Cahill breached his fiduciary duty as the Mathews' real estate agent and broker, and that Cahill made material misrepresentations to the Mathews with the intent to mislead them.

Virginia Supreme Court Rule 3:18 provides that a court shall grant a motion of summary judgment if it appears from the pleadings and admissions that there is no material fact genuinely in dispute and the moving party is entitled to judgment. A court must draw inferences that are most favorable to the non-moving party, unless those inferences are strained or unreasonable. *Commercial Business Systems, Inc. v. BellSouth Services, Inc.*, 249 Va. 39, 41-42, 453 S.E.2d 261, 264 (1995). The decision to grant a summary judgment motion is a drastic remedy available only where no material facts are genuinely in dispute. *Turner v. Lotts*, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992).

*Statute of Limitations*

The court finds, and the parties agree, that the one year statute of limitations in Va. Code § 8.01-248 governs all three counts in the Mathews' Counterclaim and Third-Party Motion for Judgment. The Mathews essentially allege that Executive Homes and Cahill damaged their personal finances, not the house itself, and this triggers Va. Code § 8.01-248. *See J. F. Toner & Son, Inc. v. Staunton Production Credit Assoc.*, 237 Va. 155,

158, 375 S.E.2d 530, 531 (1989); *Pigott v. Moran*, 231 Va. 76, 79-81, 341 S.E.2d 179, 181-82 (1986).[1]

*Count I: Negligence*

The court must first determine when the negligence cause of action accrued and whether the Mathews filed the Counterclaim within the one year time period. It is unclear, however, as to when Cahill last acted in an allegedly negligent manner in advising the Mathews.[2] Executive Homes and Cahill argue that any duty they might have owed the Mathews ended with the signing of the second sales contract on August 15, 1993. As the Mathews did not file the Counterclaim and Third-Party Motion for Judgment until November 4, 1994, § 8.01-248 bars Count I according to Executive Homes and Cahill.

There are, however, ten addenda to the August 15, 1993, contract where Cahill is a signatory, the last of which is dated April 10, 1994. One can reasonably infer from these addenda that some sort of a relationship existed between Cahill and the Mathews until at least April 10, 1994, so there would be no time bar on Count I in the Mathews' November 4, 1994, Counterclaim. A genuine issue of material fact still exists as to whether Count I is time-barred under Va. Code § 8.01-248.

Assuming that the one year statute of limitation does not bar Count I, a lack of an agency relationship between Cahill and the Mathews would nonetheless be grounds for dismissing Count I. Without such a relationship, there is no basis of potential liability. By contrast, there is no dispute that at all times Cahill was an agent of Executive Homes.

The question of agency *vel non* is one of fact for the fact finder unless the existence of an agency relationship depends upon unambiguous written documents or undisputed facts. *Reistroffer v. Person*, 247 Va. 45, 48, 439 S.E.2d 376, 378 (1994). The party alleging an agency relationship has the burden of proof. *Id.* Where a question of agency rests upon written documents and inferences from them, the question is one of law for the

---

[1] In 1995, the General Assembly amended Va. Code § 8.01-248 so it would have a two year statute of limitations for a personal action accruing on or after July 1, 1995. This change, however, does not pertain to this case.

[2] The Mathews incorrectly characterize the alleged negligence as a breach of the duty of good faith and fair dealing. A failure of this duty is not an independent tort, but a failure of an obligation that the Uniform Commercial Code and Va. Code § 8.1-203 insert into a contract. *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28, 466 S.E.2d 382, 385 (1996).

court to determine, and not for the fact finder. *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 492, 219 S.E.2d 874, 875 (1975). A real estate broker occupies a fiduciary relationship to his principal. *Price v. Martin*, 207 Va. 86, 89, 147 S.E.2d 716, 718 (1966). Generally, a real estate broker is primarily the agent of the party who first employs him. *Allen v. Lindstrom*, 237 Va. 489, 496, 379 S.E.2d 450, 454 (1989).

*Reistroffer* and *Murphy* indicate that the preliminary threshold for a question of agency is whether the written documents clearly establish an agency relationship or a lack thereof. In *Reistroffer*, the sellers of real estate retained a realtor. The sellers and purchaser executed a sales contract that identified the realtor as the sellers' agent. The contract provided that "unless amended in writing . . . . [the contract] was the final and entire agreement." The purchaser later requested in writing that the sellers deliver a disclosure packet to the realtor, who would in turn deliver the packet to her. The Supreme Court found that the documents when read together were ambiguous as to whether the realtor was the purchaser's agent.

In this case the August 10, 1993, contract, the August 13, 1993, addendum, and the August 15, 1993, contract explicitly stated that Cahill was the seller's agent and the Mathews were the purchasers. Like the sales contract in *Reistroffer*, both the August 10, 1993, and August 15, 1993, contracts note in their standard provisions that the "contract represents the entire agreement and may not be modified or changed except by written instrument." There is no mention, much less any modification, of the agency issue in the ten addenda to the August 15, 1993, contract. The Mathews have never challenged the validity of these documents; in fact, they also submitted these same documents as exhibits to their pleadings.

Unlike *Reistroffer*, there are no written documents here that contradict the clear assertion that Cahill was not the agent of the Mathews. Counsel for the Mathews acknowledged this fact at the hearing. The Mathews have not pointed to anything in the record that implies that Cahill was their agent. While the Mathews are correct in noting that a court must resolve conflicts on a summary judgment motion in favor of the non-moving party, there is simply no conflict here. Without a challenge to the unambiguous documents, the sales contracts and the assignment of the first contract, this court decides as a matter of law that no agency relationship existed between Cahill and the Mathews.

Although there is an issue of material fact genuinely in dispute as to whether the one year statute of limitation in Va. Code § 8.01-248 bars the

negligence claim, no such issue exists on the question of agency. The written documents clearly establish that Cahill was not the Mathews' agent, so there is no material fact that is genuinely in dispute as to whether there was an agency relationship between Cahill and the Mathews. Without an agency relationship, Executive Homes and Cahill cannot be held liable to the Mathews under Count I.

### Count II: Breach of Fiduciary Duty

The breach of fiduciary duty claim raises the same issues involved in the negligence claim. If the cause of action did not accrue within one year from the filing of the Counterclaim, or there was no agency relationship between the Mathews and Cahill, then Count II cannot survive the Motion for Summary Judgment.

Ordinarily, the discussion and resolution of when the cause of action accrued would be the same here as it was with Count I. Virginia Supreme Court Rule 3:12, however, mandates that a party must respond within twenty-one days to an "affirmative defense that sets up new matter and contains words expressly requesting a reply." If there is no response, under Rule 1:4(e), the alleged fact is deemed admitted and can provide the basis for granting a Motion for Summary Judgment under Rule 3:18.

In their February 13, 1995, Answer to the Counterclaim and Third-Party Motion for Judgment, Executive Homes and Cahill stated the following as their Fourth Defense:

> The Mathewses' breach of fiduciary duty claim is barred by the one year Statute of Limitations set forth in Virginia Code § 8.01-248, the Mathewses' alleged cause of action having accrued, if ever, no later than August 15, 1993. Executive Homes Realty and Cahill respectfully request a reply to this affirmative defense.

The Mathews never replied to this affirmative defense. The Mathews argue that Rule 3:12 does not apply because Executive Homes and Cahill's plea of a time-bar does not "set up new matter." Executive Homes and Cahill had not raised the timeliness issue prior to February 13, 1995. Contrary to the Mathews' assertion, an allegation that an action is barred by the statute of limitations, an allegation that had not been previously raised before the court, is "new matter."

The Mathews have already explicitly agreed that Va. Code § 8.01-248 applies to their breach of fiduciary duty claim. By not responding to the

affirmative defense within twenty-one days, the Mathews have also *de facto* agreed that any breach of fiduciary duty accrued at the latest on August 15, 1993, the date of the second sales contract. The Mathews filed their Counterclaim and Third-Party Motion for Judgment on November 4, 1994; this is more than a year after the admitted accrual date. The breach of fiduciary duty claim is thus outside of the statute of limitations.

Furthermore, even if the Mathews' admission and Va. Code § 8.01-248 did not already bar Count II, it would also fail for the same reasons of agency presented and discussed in Count I. Without an agency relationship between Cahill and the Mathews, there was no fiduciary duty for Cahill to breach.

### *Count III: Fraud*

The Mathews have alleged that Cahill committed actual fraud, as opposed to constructive fraud, because Cahill intended to mislead them. A party alleging actual fraud must prove the following elements by clear and convincing evidence: a false representation, a material fact, made intentionally and knowingly, with intent to mislead, reliance by the party misled, and resulting damage. *Thompson v. Bacon*, 245 Va. 107, 111 (1993). Executive Homes and Cahill do not argue that the statute of limitations bars the fraud claim; rather they argue that any statements that Cahill made were not misrepresentations and ultimately Executive Homes could not be liable for any problems the Mathews had with HMT.

At the hearing, counsel for Executive Homes and Cahill stated that there were no statute of frauds issues involved in this case. The court assumes that the statute of frauds, codified in Va. Code § 11-2, does not bar the Mathews from introducing Cahill's alleged misrepresentations as evidence.

From the pleadings, admissions, and exhibits before the court, there is a reasonable inference favorable to the non-moving party that Cahill committed fraud. For example, one can look at Cahill's statement regarding the abilities of Alan Jensen, the builder that the Mathews eventually hired to build the house. Cahill's statement to the Mathews that Jensen "was the best builder in Ford's Colony" could constitute a misrepresentation of a material fact. Cahill could still be liable even if the statement is an opinion, as an opinion can be actionable for fraud if the parties are on unequal terms. *Nationwide Ins. Co. v. Patterson*, 229 Va. 627, 631, 331 S.E.2d 490, 493 (1985). One can infer that Cahill made this misrepresentation intending to get the Mathews to sign the sales contracts. Furthermore, it can be

inferred from the pleadings that the Mathews relied on this statement in signing the sales contracts, and that as a consequence they suffered financially.

Based on the pleadings, admissions, and exhibits before the court on the fraud claim, the Court denies the Motion for Summary Judgment. The court must make all reasonable inferences in favor of the non-moving party on a summary judgment motion. From the existing evidence, one can reasonably infer that a genuine dispute of material fact still exists as to whether Cahill perpetrated fraud on the Mathews. The court must then hear evidence on the Mathews' fraud claim.