# CIRCUIT COURT OF ROCKINGHAM COUNTY

Carl G. K. Weaver et al.

v.

Louis E. Nelson, III, et al.

October 15, 1997

Case No. (Law) 11069

BY JUDGE JOHN J. MCGRATH, JR.

This matter is before the Court on an appeal from the portion of the decision of the General District Court awarding defendants their attorney's fees for the cost of defending the underlying action.

On or about July 11, 1997, Mr. and Mrs. Weaver (hereinafter Sellers) entered into a standard "Virginia Association of Realtors Residential Contract of Purchase" agreeing to sell real estate, including the improvements, to Mr. and Mrs. Lewis E. Nelson (hereinafter Buyers). In addition to the standard contract that was contained on a form utilized by the real estate agents involved, at the Buyers' request, an Addendum No. 1 was added to the contract which provided that, *inter alia*:

> The purchasers at their expense will have a home inspection done on the property by a home inspector within ten working days from date of acceptance of this contract. If any structural defects are found, then purchasers at their option may void this contract and receive their deposit back.

Shortly after the agreement was signed, the purchasers had a structural inspection performed by a licensed engineer. Based upon the reports they received from their licensed engineer, the Buyers, relying upon the provisions set forth in the Addendum, exercised their option to void the contract.

The Sellers disagreed with the position taken by the Buyers and indicated that they intended to hold them responsible for damages. On February 7,

1997, the Sellers filed a Warrant in Debt against the Buyers in the General District Court. On April 29, 1997, the Buyers then filed a counterclaim against the Sellers alleging that they were entitled, pursuant to provision (I) of the contract, to attorney's fees, expert witness fees, and litigation costs. On July 15, 1997, the General District Court entered judgment against the Sellers and entered judgment in favor of the Buyers on their counterclaim awarding them attorney's fees and related litigation costs in the sum of $2,624.55. The only issue appealed to this Court is the issue of whether the award of attorney's fees on the counterclaim was appropriate.

The standard form contract utilized by the parties contains a provision (I), which reads in pertinent part as follows:

> *Default.* If either seller or purchaser defaults under this contract, the defaulting party, in addition to all other remedies available at law or in equity, shall be liable ... for any damages and all expenses incurred by the nondefaulting party ... including, without limitation, attorney's fees and costs, if any.

The Buyers take the position that the Sellers breached this real estate sales contract by the filing of the Warrant in Debt in the General District Court. The Buyers' theory of the case is that the Sellers, by the filing of the General District Court action, created an event of "default" under the terms of the contract thus enabling the nondefaulting party to recover attorney's fees. The Sellers argue that it is not a "default" of the contract to file a Warrant in Debt, but, that by doing so the Sellers were merely seeking to enforce a contract at law that they believed in good faith the Buyers had improperly voided. Although it strikes this Court that there is little distinction between "default" and "breach of contract," the Supreme Court has dealt with this issue relatively recently in *Clevert v. Jeff W. Soden, Inc.*, 241 Va. 108 (1991). The Supreme Court in the *Clevert* case essentially equated default with a breach of contract.

It appears to this Court that the proper analysis of this case is that the Addendum had become an integral part of the contract, and the Addendum provided that the purchasers "at their option may void this contract ... ." The provision permitting the Sellers to void the contract gave the Buyers the unilateral and unfettered right to "void" the contract if certain conditions were met. However, once a contract has been properly voided, it has no force and effect whatsoever. As stated in *Black's Law Dictionary* (1992):

> [W]henever ... technical accuracy is required, the term "void" can only ·
> be properly applied to those contracts that are of no effect whatsoever,
> such as a mere nullity ... .

Therefore, once the Buyers declared "this contract void," the contract, including the provisions relating to attorney's fees, became of no further force and effect. Thus, there being no contractual provision modifying the American Rule on attorney's fees, judgment is entered in favor of plaintiff on defendants' counterclaim, and each party is to bear their own costs, including attorney's fees.