278

## CIRCUIT COURT OF THE CITY OF NORFOLK

United Services
Automobile Association,
Subrogee

v.

Daniel Iliff
and Mitch Cushman

September 21, 1999

Case No. (Law) L98-2914

BY JUDGE MARC JACOBSON

The Plaintiff in the above captioned action brought a Motion for Judgment against Daniel Iliff and Mitch Cushman alleging, *inter alia,* as follows.

On or about the 10th day of October, 1997, the defendant, Daniel Iliff, *while acting as the agent and/or employee of the defendant, Mitch Cushman,* operated and controlled a motor vehicle owned by the defendant Mitch Cushman at or near the intersection of the 8400 block of Chesapeake Boulevard and Fishermans Road in the City of Norfolk, Virginia.

(Emphasis supplied.)

The Motion for Judgment further alleges that as a result of the negligence of Iliff, Antonio King and Anthony Harris sustained certain injuries and the vehicle of one Andrew Jackson sustained certain damages. United Services Automobile Association (USAA), as Subrogee of Andrew Jackson, Antonio

King, and Anthony Harris, seeks judgment against both Iliff and Cushman as a result of Iliff's alleged negligence.

Service was made on both Iliff and Cushman through the Division of Motor Vehicles, and neither Iliff nor Cushman has made an appearance nor does the Court know if either Iliff or Cushman actually received notice or has knowledge of the above captioned action.

USAA has alleged that Iliff, at the time of the accident in question, was "acting as the agent and/or employee of the defendant, Mitch Cushman." (Plaintiff's Motion for Judgment, ¶ 1.)

The Court would have to assume at this time that when the instant Motion for Judgment was prepared and then filed with the Court, counsel for USAA, in good faith, relied or acted upon information which would indicate that Iliff was "acting as the agent and/or employee" of Cushman at the time of the accident. Counsel has submitted to the Court a recorded conversation between Iliff and an employee of USAA wherein Iliff was asked if he had permission of the owner to drive the automobile involved in the accident and Iliff replied, "Yes, I did, from *his wife*." Transcript of Recorded Interview Between Daniel Iliff and Steven Cox (hereinafter "TR.") p. 3 (emphasis supplied). During the same conversation, when asked the purpose of his trip, defendant Iliff responded, "To go out and get food and diapers for his wife," referring to Cushman's wife. TR., p. 4.

Agency is defined as "a fiduciary relationship" resulting from "one person's manifestation of consent to another that the other shall act on his behalf and subject to his control, and the agreement by the other so to act." *State Farm Mut. Auto. Co. v. Weisman*, 247 Va. 199, 203, 441 S.E.2d 16, 19 (1994) (*citing Reistroffer v. Person*, 247 Va. 45, 47, 439 S.E.2d 376, 378 (1994)); *see also Hartzell Fan Co. v. Waco, Inc.*, 256 Va. 294, 505 S.E.2d 196 (1998); *Allen v. Lindstrom* 237 Va. 489, 496, 379 S.E.2d 450, 454 (1989). Under the doctrine of *respondeat superior,* where such an agency relationship exists, the principal shall be liable for injuries to third parties resulting from the agent's actions to the extent that such injuries occurred while the agent was acting within the scope of the agency relationship. *McNeill v. Spindler*, 191 Va. 685, 62 S.E.2d 13 (1950).

In alleging that Iliff was acting as the agent of Cushman at the time of the collision, USAA relies on *Sydnor & Hundley v. Bonifant*, in which the Virginia Supreme Court stated the following rule:

> in an action for injuries caused by the negligent operation of an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a *prima facie* case for the plaintiff;

in other words, from proof of the defendant's ownership, a refutable presumption, or inference, arises that at the time of the injury the automobile was being operated by the defendant's servant or agent ... .

158 Va. 703, 707, 164 S.E. 403, 404 (1932); *see also Kavanaugh v. Wheeling*, 175 Va. 105, 7 S.E.2d 125 (1940); *Breeding v. Johnson*, 208 Va. 652, 159 S.E.2d 836 (1968). However, this presumption, like other presumptions, cannot stand in the face of positive facts establishing that an agency relationship did not exist between the owner and the operator of the automobile at the time of the accident. *Kavanaugh*, 175 Va. at 113, 7 S.E.2d at 128. Thus, "if the presumption ... is overcome by substantial evidence showing the facts to be to the contrary, the presumption disappears. Presumptions give way to ascertained or established facts." *Id.* at 113, 7 S.E.2d at 128.

In the instant action, the accident occurred while Iliff was operating a motor vehicle owned by Cushman. Thus, under *Sydnor & Hundley* and its progeny, a presumption arises that Iliff was acting as the agent of Cushman at the time of the collision. However, as the above cases demonstrate, that does not end the matter. It is not necessarily true that the vehicle was being used in the business of Cushman because the facts show that it was owned by him. Proof of these facts only creates an inference that it was so used. This inference must give way to substantial evidence to the contrary. We therefore must examine whether facts exist which rebut the presumption of an agency relationship between Iliff and Cushman.

In attempting to provide a factual basis for its assertion of agency, USAA's counsel states, "The fact that Mr. Cushman was the owner of the car Mr. Iliff was driving, and the fact that Mr. Iliff claimed to be on an errand for Mr. Cushman's family serves as a basis for the allegation that Mr. Iliff was an agent for Mr. Cushman." Letter to Judge Marc Jacobson from Catherine J. Rogers, Counsel for the plaintiff, June 14, 1999 (hereinafter "June 14, *Letter*"). In fact, the transcript provided by counsel for the plaintiff shows that Iliff claimed to be on an errand for Cushman's wife, not Cushman, at the time of the collision. When asked for what purpose he was using the vehicle, Iliff replied, "To go out and get food and diapers for *his wife*," referring to the wife of Cushman. TR. p. 4 (emphasis supplied). The transcript also raises the question of whether Cushman was even aware of Iliff's use of the vehicle. When asked if he had permission of the vehicle's owner, Iliff state, "Yes, I did, from *his wife*." TR. p. 3 (emphasis supplied).

An agency relationship results from one party's manifestation of consent to another party that the other shall act on his behalf and the other party's

manifestation of consent to so act. The facts of the present case cast doubt upon the question of whether either Iliff, the alleged agent, or Cushman, the alleged principal, manifested the consent that is vital to any agency relationship. There is no evidence of Cushman's manifestation of consent to Iliff that Iliff was to act on Cushman's behalf. Indeed, Iliff's statements indicate that he was acting on behalf of Cushman's wife, not on behalf of Cushman. TR. p. 4. Plaintiff's counsel asserts that Iliff's claim that he was on an errand for "Mr. Cushman's family serves as a basis" for the establishment of an agency relationship. June, 14, *Letter*. However, it is far from clear that one spouse is empowered through the bonds of matrimony to create an agency relationship between the other spouse and a third party. The Virginia Supreme Court has stated:

> Marriage vows of husband and wife create a great joint venture. What is beneficial to one spouse is, or should be, beneficial to the other. What is detrimental to one is usually detrimental to the other. However, this relationship does not, in contemplation of law, make one the agent of the other.

*Painter v. Lingon*, 193 Va. 840, 847, 71 S.E.2d 355, 359 (1952). Therefore, it cannot be presumed from the marital relationship alone that one spouse is the agent for the other, thus empowering one spouse to create an agency relationship between the other spouse and a third party without some manifestation of consent by the other spouse. There is no evidence nor indication nor even suggestion by counsel for USAA that Cushman had knowledge of Iliff's use of the vehicle. Although Iliff claims to have obtained permission to use the vehicle from Cushman's wife, there is no evidence that his wife was authorized to grant such permission. Further, it is nowhere alleged nor claimed that Cushman acquiesced to Iliff's use of the vehicle at the time of the accident. It is not reasonable nor logical, based on the facts as presented, to infer or presume that Cushman's wife was empowered to act on behalf of Cushman and thus create an agency relationship between Cushman and Iliff.

The mere fact that Iliff was allegedly benefiting Cushman's wife, or as counsel for USAA stated, "Mr. Cushman's family," does not support the establishment of an agency relationship.

The Court finds and concludes that based upon the foregoing, there is insufficient evidence by inference or otherwise to establish that Iliff was "acting as the agent and/or employee" of Cushman at the time of the accident which is the subject matter of the Motion for Judgment as alleged by USAA. Accordingly, the Court denies USAA's Motion for Judgment by default as to Cushman and judgment will be entered against Iliff only.