## CIRCUIT COURT OF FAIRFAX COUNTY

Beck et al.

v.

Kenney Builders, Inc.

March 14, 2002

Case No. L195728

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on February 15, 2002, and was taken under advisement to rule on both Plaintiff Beck's Motion For Summary Judgment and Defendant Kenney Builders' Motion For Summary Judgment. After review of the pleadings and oral argument, for the reasons set forth in this opinion letter, the Defendant's Motion For Judgment is granted and Plaintiffs' Motion for Summary Judgment is denied.

Plaintiffs entered into a Purchase Agreement with Defendant for real property and construction of a residential dwelling upon that property. Pursuant to the Purchase Agreement, Plaintiffs tendered an earnest money deposit of $30,000 to Defendants on November 2, 1999. On March 12, 2001, all parties signed a Release Agreement which, by its terms, rendered the Purchase Agreement "null and void" and ordered that the Plaintiffs' earnest money deposit be "disbursed forthwith." On May 11, 2001, Plaintiffs provided written notice to Defendant of their intention to withdraw from the Release Agreement based on Defendant's failure to return their deposit. Plaintiffs filed the instant lawsuit on May 17, 2001. On June 18, 2001, Defendant tendered the deposit to the Plaintiffs in full. The deposit check was negotiated by Plaintiffs on July 11, 2001.

The dispute in this case is whether Plaintiffs are entitled to attorney's fees based upon a provision in the Purchase Agreement which states that "in the event of any action or proceeding involving a dispute between the Seller and the Purchaser arising out of this Agreement, the prevailing party shall be entitled to receive from the other party reasonable attorney's fees to be

determined by the Court or arbitrator. (Purchase Agreement ¶ 23(j).) In order to consider the merits of Plaintiffs' contention that this provision entitles them to their attorney's fees, it is first necessary to determine whether the Purchase Agreement or the Release Agreement, which contains no provision for attorney's fees, is the binding contract between the parties.

By its terms, the Release Agreement renders the Purchase Agreement null and void. Plaintiffs argue that the Release Agreement was withdrawn by them and that this withdrawal reinstated the Purchase Agreement as the binding contract between the parties. Defendant contends that the Release Agreement could not have been validly withdrawn by the Plaintiffs because it is a bilateral contract containing mutual consideration. This Court agrees with the Defendant's contention that the Release Agreement was not validly withdrawn by the Plaintiffs, that it is a bilateral contract containing mutual consideration, and that it is the binding contract between the parties.

A unilateral contract as "one in which only one party promises performance in consideration for something actually given, other than a promise." *Atlantic & Danville Ry. Co. v. Hooker*, 194 Va. 496 (1953). A bilateral contract is one in which each party promises some performance. Id. In the Release Agreement, both the Plaintiffs and Defendant were released from legal obligations to each other. The return deposit to the Plaintiffs was a term of the agreement and not consideration because it was money already owed to the Plaintiff. A unilateral contract would have been one in which the Plaintiffs had no legal obligations but agreed to release the Defendant upon receipt of the deposit. It is clear that the Plaintiffs were also released from legal obligations by the Release Agreement. Plaintiffs were no longer liable for the purchase price of the residential dwelling nor the commissions owed to real estate agents. Accordingly, the Plaintiff's withdrawal letter did not make the Release Agreement null and void because one party cannot unilaterally withdraw from a bilateral contract. Mutual withdrawal would be necessary and, since only the Plaintiffs withdrew, this was insufficient to render the Release Agreement void.

Upon deciding that the Release Agreement is the contract binding the parties, the next issue is whether the provision for attorney's fees survives the cancellation of the Purchase Agreement. During oral argument, Plaintiffs argued that under Virginia law, the provision for attorney's fees survives the cancellation of the Purchase Agreement. Plaintiffs cite *Reistroffer v. Person* as the basis for their assertion that in Virginia, the provision for attorney's fees survives the cancellation of the Purchase Agreement. *Reistroffer v. Person*, 247 Va. 45 (1994). However, the facts in *Reistroffer* are distinguishable from the ones in the instant case. The real estate contract entered into by the

Reistroffers and Ms. Person had an identical provision dealing with attorney's fees. The contract provided that the purchaser could cancel if certain events occurred. The purchaser, Ms. Person, validly canceled the contract and then sought legal fees under the attorney's fees provision of that same contract. The Court held that the provision of the real estate sales contract permitting the purchaser to cancel the contract under certain circumstances was severable from the provision declaring that the prevailing party would be able to recover attorney's fees in any litigation arising out of the contract and purchaser would thus be entitled to attorney's fees if she prevailed in litigation arising out of her cancellation of the contract. In this situation, the parties did not sign a Release Agreement; therefore, the only contract governing their transaction was their real estate contract. This is distinguished from the present case in which there is a Release Agreement that became the binding contract between the parties by rendering the entire Purchase Agreement void. Similarly, in *Vega v. Chattan Associates, Inc.*, certain provisions of the real estate contract were severable when the contract became null and void by its terms. *Vega v. Chattan Associates, Inc.*, 246 Va. 196 (1993). Just as in Reistroffer, the parties in this case also did not sign a subsequent Release Agreement and were operating from the original real estate contract. *Id.*

Because the Release Agreement is a bilateral contract, from which the Plaintiffs could not have unilaterally withdrawn and because attorney's fees were not provided for in the Release Agreement, the contract binding the parties, Plaintiffs are not entitled to their legal fees. Since no material facts in this matter are in dispute and the legal issues have been decided by this Court, this case is appropriately disposed of by summary judgment.