## CIRCUIT COURT OF ROCKINGHAM COUNTY

UMG, Inc.

v.

Timothy K. Green

November 23, 2004

Case No. CL04-231

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court on defendant's Demurrer and Counterclaim. These matters were argued before the Court on November 8, 2004.

Plaintiff brought this suit for damages arising from defendant's refusal to close on a purchase from plaintiff of a piece of commercial property. Defendant demurs on the grounds that the Motion for Judgment fails to state facts on which the requested relief can be granted. Specifically, defendant argues that the Motion for Judgment does not allege that the contract was breached.

As is frequently stated, a demurrer tests only the legal sufficiency of the claims stated in the pleading challenged. While a demurrer does not admit the correctness of the pleading's conclusions of law, it admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred. Thus, as stated in *Thompson v. Skate America, Inc.*, 261 Va. 121 (2001), the sole question to be decided by the trial court is whether the facts thus pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. The Supreme Court of Virginia has held that a complainant must allege with reasonable clarity the facts essential to granting the relief he seeks. *Pittman v. Pittman*, 208 Va. 476, 478, 158 S.E.2d 746, 748 (1968). In a breach of contract action, it is essential that the complaint allege that the contract has

been breached. Here, the Motion for Judgment alleges that the contract included an addendum, under which the defendant could terminate the contract if, after examining the lease agreement governing the land on which the building was located, he found the ground lease unsatisfactory. Unlike the other grounds for termination in the addendum, this paragraph did not contain any time limitation for terminating the contract due to an unsatisfactory land lease. Specifically, Paragraph 1 of the addendum states:

> That this contract is subject to the inspection of the land lease for the land upon which the building is situated. Should this lease or its terms not be satisfactory to the purchaser or his attorney, this contract shall be null and void.

Plaintiff alleges that defendant did not raise his concerns about the ground lease until after the date scheduled for closing. However, plaintiff does not allege that this constitutes a breach of the contract. Plaintiff does not even aver that a defect in the ground lease had to be raised prior to closing or the contract would be breached. In fact, this portion of the contract, which is part of the pleadings, does not contain a notice provision or a time is of the essence clause. Under these facts, plaintiff has not alleged sufficient facts to state a claim for breach of contract. Therefore, the demurrer is sustained.

### Counterclaim

Defendant has filed a Counterclaim, seeking attorneys' fees and costs of defending this action. Paragraph 25 of the contract states, in relevant part, "[i]n any action brought by seller . . . under this Contract or growing out of the transactions contemplated herein, the prevailing party in such action shall be entitled to receive from the non-prevailing party . . . in addition to any other damages or awards, reasonable attorneys' fees and costs expended or incurred prosecuting or defending such action." Plaintiff filed a Grounds of Defense requesting dismissal of the Counterclaim, and the parties argued this matter on November 8th.

Plaintiff argued at the hearing that, if the contract is indeed "null and void," thus relieving defendant of any obligation to perform, defendant cannot then seek attorneys' fees under that same contract. Although the parties chose terms with specific legal meaning by using "null and void" in addendum Paragraph 1, this does not bind the Court to a legal conclusion that the contract was rendered "null and void" or "void *ab initio*" by defendant exercising his option to void it. A void contract is one that is of no legal effect

so that it really does not exist and has never existed as a valid contract. On the other hand, a voidable contract can be affirmed or rejected or terminated, in whole or in part, at the option of one or both of the parties. See, *e.g., Ashmore v. Herbie Morewitz, Inc.*, 252 Va. 141, 475 S.E.2d 271 (1996); *Richard L. Deal & Assoc., Inc. v. Commonwealth*, 224 Va. 618, 299 S.E.2d 346 (1983).

The contract at issue here is more correctly characterized as voidable, despite the unartful wording of Paragraph 1 of the addendum to the contract. In other words, the defendant had a right to terminate his obligation to purchase the property if he was dissatisfied with the ground lease. This does not mean that all other rights and obligations created by the contract automatically terminate. Even the addendum itself contains a provision which indicates that the parties contemplated a voidable contract with certain provisions of the contracting surviving the "voiding" of the contract. For example the addendum contains the following provision: "If the contract is voided under any provision of this addendum, all parties agree to execute an appropriate release of the contract agreement and all earnest money."

In a factually similar case, the Supreme Court of Virginia has held that, where a contract permitted a party to cancel it under certain circumstances, that did not bar the party from seeking attorneys' fees under the same contract. *Reistroffer v. Person*, 247 Va. 45, 439 S.E.2d 376 (1994). In that case, the contract was also for the sale of real estate and contained a provision allowing the buyers to void it and included a provision for attorneys' fees in any litigation arising out of the contract. The Court held that the parties intended that the provision regarding attorneys' fees would be severable and remain in effect if the buyer was successful in litigation.[1]

Similarly, in *Vega v. Chattan Assoc., Inc.*, 246 Va. 196, 435 S.E.2d 142 (1992), where the purchaser voided the contract under a provision related to financing, the Court held that the provision for refund of the deposit paid under the voided contract was severable. Therefore, it survived the contract becoming void according to its terms. To read the contract any other way would render the deposit refund provision meaningless. In the case at hand, the defendants allege that the deposit was already refunded under a similar provision to that in the *Vega* case. It is doubtful that the plaintiffs would allege

---

[1] The Court is mindful of its earlier decision in *Weaver v. Nelson*, 43 Va. Cir. 452 (Rockingham Co. 1997). However, upon mature reflection, the Court feels that case is not good law. In order for fee-shifting clauses in contracts to implement the intent of the parties, severability of the attorneys' fees clause is the proper analysis and not a parsing of the distinctions among null, void, void *ab initio*, voidable, etc. *But see Beck v. Kenney Builders, Inc.*, 58 Va. Cir. 349 (Fairfax Co. 2002).

that the refund provision was not intended to survive cancellation of the contract, and, similarly, the attorneys' fees provision should be read to survive cancellation in order to give full effect to the intent of the parties. If the attorneys' fees clause was not intended to survive the contract's cancellation, it would be rendered virtually without effect. Therefore, attorneys' fees are not rendered unavailable under this contract even though defendant exercised his option to cancel or "void" the contract.

### Order

For the reasons set forth above, it is hereby adjudged and ordered that defendant's demurrer is sustained. Counsel for defendant shall praecipe this matter to set a date for a hearing on the Counterclaim. The Clerk is directed to send attested copies of this Opinion and Order to W. Chapman Goodwin, counsel for plaintiff, and Mark D. Obenshain, counsel for the defendant.