50

# CIRCUIT COURT OF BEDFORD COUNTY

William G. Wentz

    v.

Virginia Employment Commission
and Sherrie L. Breeden

September 21, 2005

Case No. CH05021619-00

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the motion to dismiss of the Virginia Employment Commission. In this regard, I grant the motion to dismiss on the grounds that William G. Wentz ("Petitioner") failed to commence his action for judicial review within thirty days after the decision of the Virginia Employment Commission ("VEC") was mailed.

The Petitioner appealed the decision of the Appeals Examiner to the VEC. The decision of the Appeals Examiner qualified Sherrie L. Breeden, a former employee of Petitioner, for unemployment compensation. The Special Examiner of the VEC affirmed the decision of the Appeals Examiner. The decision of the VEC affirming the Appeals Examiner was mailed on August 30, 2004.

The Petitioner filed his petition for judicial review on March 18, 2005. The Petitioner asserts that he did not receive the decision of the Appeals Examiner mailed on August 30, 2004. He states that his first notice of the adverse decision of the Appeals Examiner was on February 18, 2005, after he made inquiry as to whether a decision had been made.

The decision of August 30, 2004, was mailed to the address of the Petitioner at P. O. Box 425, Bedford, Virginia 24523. Subsequent to the initiation of the unemployment benefit proceedings in the VEC, the Petitioner

moved to Harrisonburg, Virginia. The Petitioner did not advise the VEC of his new address.

Va. Code § 60.2-625(A) is clear. Pursuant to this code section, a party *shall* commence· an action in the circuit court within thirty days after the decision of the commission has been mailed. The decision of the commission states that it was mailed on August 30, 2004. It was mailed to the address furnished by the Petitioner. The Petitioner failed to advise the commission of his new address. The thirty day requirement under Va. Code § 60.2-625 is a mandatory and jurisdictional requirement which the court cannot extend. *G. S. Foods v. Virginia Empl. Comm'n*, 12 Va. App. 541, 543-44, 404 S.E.2d 741 (1991). The court cannot modify or change the prescribed limitations in the statute. *Blankenship v. Virginia Empl. Comm'n*, 177 Va. 250, 254, 13 S.E.2d 409 (1941).

Accordingly, the court finds that Petitioner has not complied with the filing requirements of Va. Code § 60.2-625(A) and the petition must be dismissed.